UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

     Petitioner,

V.

COMMONWEALTH OF KENTUCKY,

     Respondent.

Civil Action No. 2: 15-132-KKC

**MEMORANDUM OPINION
<u>AND ORDER</u>**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Kurt Lowe is an inmate at the Boone County Detention Center in Burlington, Kentucky. Proceeding without an attorney, Lowe has filed a "Petition for Removal from State Court … " in which he indicated that he seeks to remove two criminal proceedings pending against him in the Boone Circuit Court, Case Nos. 2013-CR-710 and 2015-CR-88, to this Court for review and adjudication.  [R. 1, pp. 1, 7]  Lowe also seeks the appointment of counsel to represent him [R. 1, p. 7] and filed a separate motion to transfer of the case to the undersigned.  [R. 5]

As grounds for his petition, Lowe alleges that state senators, judges, prosecutors, defense attorneys, police, and others have colluded to retaliate against him for uncovering and publicizing a broad conspiracy to fix court cases, and have done so by violating state laws and court rules, intimidating witnesses, destroying evidence, and other acts during the course of the criminal cases currently pending against him.  [R. 1, pp. 2-6]  These allegations are functionally identical to those Lowe has previously asserted in six cases he has filed before this Court.  *See Lowe v. Commonwealth of Kentucky*, No. 2:14-141-KKC (E.D. Ky. 2014) [R. 51, 62 therein].  In

his petition for removal, Lowe contends these actions violate unspecified rights under the Fourteenth Amendment. [R. 1, p. 7]

Federal law does permit a defendant in a state criminal proceeding to remove the case to federal court, but only under limited circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. However, under well-established precedents it is plain that neither provision supports the removal sought by Lowe here.

Lowe may not seek removal under § 1443(2) because the Supreme Court long ago determined that "the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815 (1966). Because Lowe is not a federal official nor is he a person authorized by federal law to assist federal officials in the performance of their official duties, this subsection does not provide a basis for removal. *Pennsylvania v. Randolph*, 464 F. App'x 46, 47 (3d Cir. 2012); *Oklahoma v. Smith*, 223 F. App'x 769, 769 (10th Cir. 2007); *Cooke v. Mwonyonyi*, 869 F. 2d 1489, 1989 WL 15969, at *2 (6th Cir. 1989).

Nor is removal proper under § 1443(1). It is not enough for a defendant to allege that she has been denied or cannot enforce her constitutional rights in the courts of the state; instead, she

must allege that she is being deprived of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966) (internal citations and quotations omitted). The holding in *Rachel* "clarified that 'laws providing for equal civil rights' are limited to those 'rights specifically defined in terms of racial equality.' More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F. 3d 770, 773 (7th Cir. 2014) (internal citations omitted). See also *South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007) ("Removal is limited to rare situations in which a defendant has been denied or cannot enforce the right to racial equality in the state courts."). Here, Lowe alleges that he is being discriminated against based upon his prior conduct, not because of his race. His petition therefore fails to state an adequate ground for removal under § 1443(2).

Even if Lowe had made such allegations, they would be insufficient, without more, to support removal. The Supreme Court has expressly held that because state courts are presumed ready and willing to vindicate federal and constitutional rights, removal is permitted under § 1443(1) only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). As the Ninth Circuit has explained, a petitioner:

> must assert that the state courts will not enforce [a federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

*Hawaii v. Macomber*, 40 F. App'x 499, 500 (9th Cir. 2002) (quoting *California v. Sandoval*, 434 F. 2d 635, 636 (9th Cir. 1971) (*per curiam*)).

Finally, Lowe's failure to comply with the procedural requirements of 28 U.S.C. § 1455 independently precludes removal.  While Section 1443 provides the substantive right of removal, Section 1455 provides the procedural framework for effecting it.  In a manner similar to 28 U.S.C. § 1446, a state criminal prosecution may be removed by filing a notice of removal within thirty days after arraignment which contains a short and plain statement of the grounds for removal, and must include a copy of the entire state court record.  28 U.S.C. § 1455(a).  Lowe's attempt at removal comes far too late, and he has failed to file copies of "all process, pleadings, and orders served upon such defendant or defendants in such action" as required by § 1455(a). [R. 1]  These defects alone warrant remand.  *Bey v. Calle*, No. 13-CV150-TCK, 2013 WL 1788431, at *1 (N.D. Okla. April 26, 2013) (*citing Zamora v.. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1295 (D.N.M. 2011)).  Where it is plain from the notice that removal is not proper, the district court should summarily remand the action.  28 U.S.C. § 1455(a), (b).  *New York v. Smith*, 494 F. App'x 138, 139 (2d Cir. 2012) (holding that state criminal defendant's failure to comply with procedural requirements for removal under § 1455(a) deprived federal court of subject matter jurisdiction over proceeding, requiring remand)

Accordingly, **IT IS ORDERED** that:

1.      Lowe's "Motion for Disqualification, Recusal or Reassignment" [R. 5] is **DENIED AS MOOT**.

2.      Kurt Lowe's Petition for Removal from State Court … " [R. 1] is **DISMISSED** for lack of jurisdiction.

3.      Lowe's request for the appointment of counsel [R. 2] is **DENIED**.

4.      This action is **REMANDED** to the Circuit Court of Boone County, Kentucky.

5.    The Clerk of Court shall **FORWARD** a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of Boone County, Kentucky, referencing its case numbers 2013-CR-710 and 2015-CR-88.

6.    The Boone Circuit Court may proceed with these actions without further impediment.

7.    This matter is **STRICKEN** from the active docket of the Court.

Entered July 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY